UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Akram Abdullahi,                                              Civ. File No. 04-4524 (PAM/JSM)

                Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

Dan Ungurian, in his
individual capacity,

                Defendant.

---

This matter is before the Court on various pretrial Motions. For the reasons that follow, Plaintiff's Motion for Sanctions is denied, Plaintiff's Motion in Limine is granted in part and denied in part, and Defendant's Motion in Limine is granted.

**BACKGROUND**

On July 25, 2004, Defendant Dan Ungarian, a Minneapolis police officer, responded to a security alarm in a multi-office building in Minneapolis. Individuals who worked in the building reported to 911 operators that two unidentified Black men were in the building. Defendant entered the building with a K-9 dog, and saw Plaintiff Akram Adbullahi, a Black man, in a hallway. As Plaintiff attempted to leave the building, Defendant released the K-9 dog. The dog attacked and injured Plaintiff.

Plaintiff commenced this action, seeking damages for excessive force and racial discrimination. He seeks relief under 42 U.S.C. § 1983 and the Minnesota Human Rights Act, Minn. Stat. § 363A.12. Trial will begin on January 24, 2006.

**DISCUSSION**

**A.     Motion for Sanctions**

On November 21, 2005, Plaintiff filed a Motion for Sanctions based on Defendant's failure to provide pretrial submissions. Plaintiff asked the Court to preclude Defendant from presenting evidence at trial, contending that he has been prejudiced by his inability to identify the witnesses and exhibits Defendant intends to use at trial. The next day, Defendant filed his pretrial materials.

Adherence to reasonable deadlines is critical to maintain integrity in court proceedings. <u>Engelson v. Little Falls Area Chamber of Commerce</u>, 210 F.R.D. 667, 669 (D. Minn. 2002) (Erickson, Mag. J.) (citations omitted). The Court recognizes that Defendant untimely filed his pretrial submissions and does not condone such conduct. Nevertheless, the Court is not convinced that the untimely submission warrants the draconian measure that Plaintiff suggests. Therefore, Plaintiff's Motion for Sanctions is denied.

**B.     Testimony of Sergeant Robert Skoro**

Plaintiff seeks to exclude the testimony of Sergeant Robert Skoro.[1]  Defendant identified Sergeant Skoro as a potential witness for the first time on November 22, 2005. In his witness list, Defendant states that Sergeant Skoro will testify about "K-9 training and proper use procedure." Because Sergeant Skoro was not present when the incident at issue

---

[1] In his Motion in Limine, Plaintiff also seeks to exclude admission of an April 9, 2003, photograph of Plaintiff. Defendant responds that he does not intend to use the photograph at trial. Thus, Plaintiff's Motion on this point is granted.

occurred, Plaintiff characterizes Sergeant Skoro as an expert witness. Plaintiff urges the Court to exclude Sergeant Skoro's testimony because Defendant did not provide any disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B). Conversely, Defendant maintains that Sergeant Skoro will not serve as an expert witness, as his testimony will be limited solely to his first-hand experience of training Defendant as a K-9 officer.

The Court will allow Sergeant Skoro to testify as a lay witness under Federal Rule of Evidence 701. His personal knowledge or perceptions based on his experience as a K-9 trainer provide sufficient foundation for lay opinion testimony. See Allied Sys., Ltd. v. Local 604, Int'l Bhd. of Teamsters, 304 F.3d 785, 792 (8th Cir. 2002). Thus, his testimony will be limited to opinions or inferences that are rationally based on his perception and that will help the jury understand the facts about which he is testifying. See Fed. R. Evid. 701; United States v. Espino, 317 F.3d 788, 797 (8th Cir. 2003). Plaintiff's Motion in Limine on this point is denied.

**C.    Prior Disciplinary Action**

Defendant seeks to exclude three exhibits that relate to disciplinary action taken against him in 1994. Apparently, the discipline resulted from Defendant using excessive force in an arrest. Defendant maintains that this evidence is inadmissible under Federal Rule of Evidence 404, as it can only be used to show that he has a propensity to be violent or aggressive. Plaintiff submits that the evidence shows that Defendant used a K-9 dog exclusively against racial minorities from 2002 to 2004.

Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of the accused's bad acts if the evidence is offered to show the accused acted in conformity with the prior bad acts. However, the Rule allows admission of prior acts evidence if it is offered for a non-propensity purpose, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

Because an excessive force case involves an entirely objective standard, issues of motive and intent are "essentially irrelevant" in a § 1983 case. Morgan v. City of Marmaduke, 958 F.2d 207, 212 n.2 (8th Cir. 1992) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)).

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is . . . whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. . . . An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

Robinson v. City of St. Charles, 972 F.2d 974, 976 (8th Cir. 1992) (quoting Graham, 490 U.S. at 397). Accordingly, the 1994 suspension is inadmissible as it relates to Plaintiff's excessive force claim.

Plaintiff argues that the 1994 suspension indicates that Defendant has engaged in a pattern of using a K-9 dog in a discriminatory manner, and therefore is relevant to his Fourteenth Amendment and Minnesota Human Rights Act claims. The Court disagrees. Plaintiff does not indicate how the 1994 suspension is even tangentially related to Defendant's

4

allegedly discriminatory conduct in 2002 and 2004. Indeed, it is unclear whether Defendant's past misconduct even involved the use of a K-9 unit or related to an arrest or seizure of a racial minority. Finally, Defendant does not dispute the admission of evidence relating to the race of individuals against whom Defendant has used a K-9 dog. Accordingly, Defendant's Motion in Limine relating to the inadmissibility of his misconduct in 1994 is granted.

**CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Sanctions (Clerk Doc. No. 29) is **DENIED**;

2. Defendant's Motion in Limine (Clerk Doc. No. 39) is **GRANTED**; and

3. Plaintiff's Motion in Limine (Clerk Doc. No. 45) is **GRANTED in part** and **DENIED in part**.

Date: January 18, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge